## The Inhabitants of the FOURTH PARISH IN WEST SPRINGFIELD *versus* HARVEY ROOT *et al.*

The defendants and others, inhabitants of a parish, subscribed for the purchase of a bell, to be raised and hung in the parish meetinghouse under the direction of a committee of the subscribers, and the parish voted, " that the subscribers for a bell have leave to place the same in a convenient place in the meetinghouse to be rung," and that it " should be the property of the subscribers, subject to their control and direction." After it had been hung up in the meetinghouse for several years, and had been rung, during that time, for all parish purposes, it was removed by the defendants. In an action of replevin by the parish against the defendants, putting in issue the plaintiffs' title to the bell, it was *held*, that as the record of these votes, which was contained in a book purporting to be the parish records, was admitted in evidence at the trial, as a parish record, without objection, and made a part of the case, it could not be afterwards objected by the parish, that such record was not attested by the parish clerk ; that it was immaterial, so far as regarded the rights of the parish, whether the warning of the meeting at which such votes were passed, was strictly in pursuance of law or not, as the votes showed how and when the bell was received, and so rebutted the presumption of any other acceptance by the parish ; and that such votes rebutted any presumption of a donation to the parish, which might, perhaps, otherwise be raised from the unexplained possession and use of the bell by the parish.

THIS was an action of replevin for a bell and bell frame The defendants pleaded property in six of the defendants, and traversed the property of the plaintiffs. Issue was joined upon the traverse.

At the trial, before *Wilde* J., the plaintiffs proved, that the bell and bell frame, before they were taken by the defendants, had been hung up in the plaintiffs' meetinghouse for the space of eight years, and had been used by them, during that time, for all parish purposes.

The defendants produced in evidence, the following subscription paper : " We, the subscribers, inhabitants of the fourth parish of West Springfield, feeling desirous that there should be a bell procured for the meetinghouse in said parish, do agree to pay to some person, to be appointed by a majority of the subscribers present at a meeting to be holden at the meetinghouse in said parish on the first day of September next, immediately after the close of the parish meeting upon said day, the several sums set against our respective names, to be appropriated to the purchase of a bell of a suitable size and quality, to be placed in said meetinghouse, to be purchased by

a committee to be appointed at said meeting by the major part of the subscribers present, and to be raised and hung in said meetinghouse under the direction of said committee. The several sums by us subscribed, to be paid on demand after said first day of September. West Springfield, August 25th, 1826. Donation, $50." This paper was subscribed by the defendants and others.

The defendants also offered in evidence the original warrant for a parish meeting, to be held on October 23d, 1826, " to see if the parish will permit the subscribers for a bell to put the same in a situation where it may be conveniently rung in said house, and pass all proper votes in relation to the same." They further produced in evidence a book purporting to be the parish records, and attested by the parish clerk in various places, as the record of the proceedings of the parish, and it was admitted without objection and made part of the case. These records did not expressly state, that a meeting was held on October 23d, 1826, but after the record of the warrant, they set forth, that it was voted, " that the subscribers for a bell have leave to place the same in a convenient place in the meetinghouse to be rung," and " that the bell should be the property of the subscribers, subject to their control and direction." The record of this meeting was not attested by the parish clerk.

The parish had at various times raised money to defray the expenses of ringing the bell; but when there was no occasion to raise money for other purposes, these expenses were defrayed by a subscription raised indiscriminately from the members of the parish, including the defendants.

A nonsuit or a default was to be ordered by the Court, as the case might require.

*Wells*, *Boise* and *Alvord*, for the plaintiffs, to the point, that by the terms of the subscription paper, the bell and bell frame when purchased, became the property of the parish, and that they might maintain this action, cited *Lent* v. *Padelford*, 10 Mass. R. 230 ; *Watson* v. *Cambridge*, 15 Mass. R. 286 ; *Felton* v. *Dickinson*, 10 Mass. R. 287 ; *Arnold* v. *Lyman*, 17 Mass. R. 400 ; *Colt* v. *Root*, 17 Mass. R. 229 ; *Baker* v. *Fales*, 16 Mass. R. 488 ; *Thompson* v. *Cath. Cong. Soc.*

Fourth Parish in West Springfield
v.
Root.

Sept. 30th.

*in Rehoboth*, 5 Pick. 469 ; to the point, that the records of the meeting held on October 23d, 1826, were inadmissible in evidence, not being properly authenticated, *Saxton* v. *Nimms*, 14 Mass. R. 315 ; *Welles* v. *Battelle*, 11 Mass. R. 477.

*Lathrop*, *I. C. Bates* and *Dewey*, for the defendants.

WILDE J. delivered the opinion of the Court. The plaintiffs proved at the trial, that the bell and bell frame replevied, had been in their possession for several years, and had been used by them during that time for all parish purposes ; and this undoubtedly was good *primâ facie* evidence of property. But this evidence was rebutted by the defendants, who proved, that the bell was purchased by subscription, the defendants and others being subscribers, and was by them hung up in the meetinghouse by the plaintiffs' permission.

This is conclusive evidence of property in the subscribers, unless there has been a donation of the property to the parish. At a meeting of the parish on October 23d, 1826, it was voted, " that the subscribers for a bell have leave to place the same in a convenient place in the meetinghouse to be rung." And it was voted also, that the bell should be the property of the subscribers, subject to their control and direction. These votes rebut any presumption of a donation to the parish, which might, perhaps, otherwise be raised from the unexplained possession and use of the bell by the parish.

It is objected that the record of this meeting is not attested by the parish clerk. But it was produced as the parish record, and as such was admitted in evidence without objection, and is made a part of the case. The book containing this record appears to be the parish book of records, and is in sundry places attested, as the record of the proceedings of the parish, by the parish clerk. Under these circumstances it is very clear that this objection cannot prevail.

It is immaterial whether the warning of the parish meeting were strictly in pursuance of law or not. For the votes show how and when the bell was received by the parish ; and this rebuts the presumption of any other acceptance of the supposed donation. If, therefore, the meeting was illegal, still there is no presumptive proof of the acceptance by the parish of such donation.

The taking, therefore, was lawful. A lessee at will, or a depository of goods for a time not limited, can maintain no action against the general owner, for taking them away. And besides, the parish voted that the bill should be subject to the control and direction of the subscribers ; and moreover, the parties are at issue only on the question of property.

*Judgment for the defendants.*